1  DANIEL ROBERT BARTLEY, CA Bar No. 79586
   Post Office Box 686
2  7665 Redwood Boulevard
   Novato, CA  94948-0686
3  Telephone 415 898 4741  Fax 415 898 4841
   Email DanielBartleyLaw@aol.com
4
   SHARON GREEN, CA Bar No. 43392
5  3004 Beach View Court
   Las Vegas, NV  89117
6  Telephone 702 596 1931
   Fax 702 385 4593
7  Email vertlaw@aol.com

8  Attorneys for [SEAL]                    **SEALED**

9
                 UNITED STATES DISTRICT COURT
10
                 EASTERN DISTRICT OF CALIFORNIA
11

12 [SEAL],                          *    Case No.
                                    *
13                                  *
                                    *
14            Plaintiffs,           *    **COMPLAINT FOR DAMAGES,**
                                    *    **WITH DEMAND FOR JURY**
15 vs.                              *    **TRIAL**
                                    *
16                                  *
                                    *
17 [SEAL]                           *
                                    *
18                                  *
                                    *
19            Defendants.           *
                                    *
20                                  *
                                    *
21                                  *
                                    *
22                                  *    *[FILED IN CAMERA AND UNDER SEAL*
                                    *    *PURSUANT TO THE FALSE CLAIMS ACT,*
23                                  *    *31 U.S.C. § 3730(b)(2)]*
                                    *
24                                  *
                                    *
25                                  *
                                    *
26                                  *
                                    *
27                                  *
                                    *
28 _____      *

.                                                              -1-

1

DANIEL ROBERT BARTLEY, CA Bar No. 79586
Post Office Box 686

2

7665 Redwood Boulevard
Novato, CA  94948-0686

3

Telephone 415 898 4741  Fax 415 898 4841
Email DanielBartleyLaw@aol.com

4

SHARON GREEN, CA Bar No. 43392

5

3004 Beach View Court
Las Vegas, NV  89117

6

Telephone 702 596 1931
Fax 702 385 4593

7

Email vertlaw@aol.com

8

Attorneys for Derek Hoggett and Tavis Good, Relators

9

# UNITED STATES DISTRICT COURT

10

# EASTERN DISTRICT OF CALIFORNIA

11

12

UNITED STATES OF AMERICA and                    *    Case No.

13

STATE OF CALIFORNIA, *ex rel.* DEREK     *
HOGGETT and TAVIS GOOD,                               *

14

*
*    **COMPLAINT FOR DAMAGES,**

15

Plaintiffs,      *    **WITH DEMAND FOR JURY**
*    **TRIAL**

16

*
vs.                                                                             *

17

*    Causes of Action:
*

18

*    1. Knowingly Causes A False or Fraudulent
UNIVERSITY OF PHOENIX, APOLLO      *    Claim to Be Presented in Violation of the

19

GROUP, INC., and DOES 1 through 100,     *    False Claims Act, 31 U.S.C. §
Inclusive,                                                                 *    3729(a)(1)(A)

20

*
*    2. Knowingly Makes, Uses, or Causes to Be

21

Defendants.      *    Made or Used, a False Record or Statement
*    Material to a False or Fraudulent Claim, in

22

*    Violation of 31 U.S.C. § 3729(a)(1)(B)
*

23

*    3.  Knowingly Causing A False Claim to Be
*    Presented in Violation of the California

24

*    False Claims Act, Cal. Gov. C. §
*    12651(a)(1)

25

*
*    4.  Submission of False Record to Obtain

26

*    Payment of a False or Fraudulent Claim in
*    Violation of the California False Claims

27

*    Act, Cal. Gov. C. § 12651 (a)(2)
*

28

_____     *

Plaintiffs and Relators Derek Hoggett and Tavis Good allege as follows:

**Introduction**

1.   (a) This is an action to recover damages and civil penalties on behalf of the United States of America arising out of false claims approved and presented by Defendants to obtain hundreds of millions of dollars annually from the United States Department of Education pursuant to the Higher Education Act, Title IV ("HEA"), from at least December 12, 2009, continually through the present.  (b) Defendant University of Phoenix ("UOP") is one of the largest recipients of HEA federal student financial aid funds from the United States Department of Education.  (c) In requesting and receiving hundreds of millions of dollars annually, Defendants falsely represent every year that they are in compliance with HEA's prohibition against using incentive payments for recruiters for recruiting activities, which is a core prerequisite to eligibility for the Title IV funds.  (d) Defendants had, and continue to have, actual knowledge that they are not adhering to the HEA ban, that their representations of adherence were and are false, and that they therefore were and are submitting false or fraudulent representations of compliance.  (e) Alternatively, Defendants act and acted with deliberate indifference and/or reckless disregard as to the truth or falsity of the claims.  (f) Relators assert causes of action under the False Claims Act for submission of a knowingly false or fraudulent claims for payment or approval, and knowingly false records or statements to get a false or fraudulent claim paid or approved, in violation of 31 U.S.C. § 3729(a)(1)(A) and (B).

**The False Claims**

2.   This action seeks to recover damages and civil penalties, and obtain injunctive relief, on behalf of the United States of America and the State of California,, arising out of false claims approved and presented by Defendants, via express and implied certifications, material to false claims, regarding compliance with the incentive compensation ban, from at least December 12, 2009, continually through the present.

3.   Over the ten-year period immediately preceding the filing of this Complaint, Defendants, incident to requesting and receiving hundreds of millions of dollars in federal and state funding annually, falsely certified to the United States of America and the State of California,

every year, that they are in compliance with federal provisions requiring compliance with the incentive compensation ban.

4.  (a) Defendants had, and continue to have, actual knowledge that they are not adhering to these certifications, that their certifications of adherence were, and continue to be,  false and fraudulent certifications of compliance.  (b) Such knowledge is evidenced by UOP's settlement agreement entered effective December 11, 2009, in the case entitled Hendow v. UOP, Civil Action no. CIV.S-03-0457 filed in the Eastern District of California and the Department of Education ("ED")  Program Review Report dated January 5, 2004 relating to the UOP site visit by ED in August 2003.

### Jurisdiction and Venue

5.  This is a federal action brought pursuant to the False Claims Act, 31 U.S.C. §§ 3729, et seq., and subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331.  This case arises from the wrongful conduct of the Defendants incident to obtaining funds from the United States of Department of Education.

6.  This Court has *in personam* jurisdiction over the Defendants under 31 U.S.C. § 3732(a), which authorizes nationwide service of process.  31 U.S.C. § 3732(a) provides "Any action under section 3730 may be brought in any judicial district in which the Defendant or, in the case of multiple Defendants, any one Defendant, can be found, resides, transacts business, or in which any proscribed by section 3729 occurred.

7.  Venue is proper in the Eastern District of California because Defendants maintain and operate at lease 35 locations within the State of California, more than any other state, and they operate a campus in Sacramento, within this District.

### Plaintiffs/Relators

8.  (a) *Qui Tam* Plaintiff and Relator Derek Hoggett is a resident alien of the United States of America and is a resident of the state of Texas.  (b) Mr. Hoggett brings this action on behalf of the United States of America.  (c) Mr. Hoggett  is a former employee of UOP where he was employed as an Enrolment counselor serving from March 16, 2007,  through May 5, 2010.

9.  (a) *Qui Tam* Plaintiff and Relator Tavis Good is a citizen of the United States of America and is a resident of the State of Texas.  (b) Mr. Good brings this action on behalf of the United States of America and the State of California.  (c) Mr. Good is a former employee of UOP serving from November 2008,  through August 18, 2010.

10.   Relators, as required by law, contemporaneous to the filing of this Complaint, provide to the United States Attorney for the Eastern District of California, to the United States Attorney General, to the Office of Inspector General of the U.S. Department of Education ("ED"), and to the Attorney General ("AG") of the State of California, a copy of this Complaint and Disclosure Statement presenting material evidence and information related to this Complaint.

11.   The United States of America and the State of California are herein named plaintiffs because funds of the United States of America ("Federal funds") and funds of the State of California ("State funds") were, and are, awarded to Defendants as a result of false claims alleged in this complaint.

### Defendants UOP and The Apollo Group

12.  (a) Defendant UOP is the largest providers of private for-profit post-secondary education in North America, based on student enrollment and revenue, with nearly 200 locations in the U.S. and advertises that it has locations within 10 miles of 87 million Americans. (b) Headquartered in Phoenix, Arizona, UOP is a wholly owned subsidiary of Defendant The Apollo Group.  (c) UOP has enrolled over 465,000 students.  (d) Its anticipated revenue for 2010 is $4.92 billion for 2010 .

13.  (a) UOP offers programs in Business, Technology, Education, Counseling and Nursing.  (b) UOP offers associate, undergraduate, graduate, and postgraduate degrees, and it has a large online school.

### Financial and Operational Statistics

14.  (a) Financial aid at UOP includes the Federal and State of California loan and grant programs to students, plus tuition assistance from all branches of the military for active duty

\\\

1  military personnel, plus and tuition assistance from the Veterans Administration.  (b) More than

2  90% of students at UOP are attending UOP pursuant to some form of government tuition payment.

**Doe Defendants**

4  15.   Relative to all counts, Relators sue fictitious Defendants Does 1 through 100,

5  inclusive, because their names, and/or capacities, and/or facts showing them liable are not known

6  presently.  Relators are unaware of the true names and capacities of the Defendants sued as Does 1

7  through 100.  They will amend their complaint when the true names and capacities have been

8  ascertained.  Each Doe Defendant is responsible in some actionable manner for the events,

9  occurrences, injuries and damages alleged herein.

**General Allegations Regarding Defendants**

11  16.  (a) The terms "Defendants" will refer collectively to UOP and Apollo Group acting

12  by and through their managerial employees, and each of them.  (b) The term "UOP" will

13  collectively refer to the entirety of UOP, embracing all of its groups, including the online

14  programs.

15  17.   Managerial employees of the Defendants, in doing the acts and things described in

16  this complaint, were acting within the course and scope of their respective agencies and/or

17  employment with the Defendants, and each of them, with the knowledge and consent of the

18  Defendants, and each of them, unless otherwise indicated.

19  18.  At all relevant times each Defendant was the authorized agent of each other

20  Defendant.

**The Particular False Claims**

22  19.  (a) A higher education institution that wants to receive monies or payment made to it

23  under the Title IV of the Higher Education Act ("HEA") makes certain certifications to the United

24  States Department of Education ("ED") in a document titled the Program Participation Agreement

25  (PPA, executed every few years.  (b) The PPA bans the institution from paying recruiters any

26  commission, bonus, or other incentive payment  based directly or indirectly of the success of

27  securing enrollments or financial aid to any  persons or entities engaged in any student recruiting

28

1   or admissions activities or in making decisions regarding the award of student financial assistance.

2   20 U.S.C. § 1094(a)(20).

3       20. For participation in the Cal Grant program and the Chaffee grant program, the State

4   of  California utilizes an Institutional Participation Agreement ("IPA") as a counterpart to, and

5   functional equivalent of, the federal PPA.

6       21. (a) UOP is in knowing violation of the HEA incentive compensation prohibition, and

7   continually has been so for at least since December 12, 2009.  (b) Relators allege that UOP falsely

8   certifies it is in compliance with the PPAs' and IPAs' requirements by promising that UOP will

9   comply with key components of the PPA's requirements in addition to the incentive ban.

10       22. (a) In addition, UOP every year falsely asserts compliance with the incentive

11   compensation ban in "management assertion letters" written by UOP management for an annual

12   compliance audit.  (b) UOP must submit to the United States Government this annual compliance

13   audit performed by an independent certified public accountant.  (c) Participation in the Title IV

14   program is conditioned upon UOP submitting these audits certifying compliance with the HEA

15   incentive compensation ban.  (d) UOP is ineligible to submit any claims for HEA funds unless it

16   submits this annual audit.  (e) As a required part of the audit, UOP certifies in a management

17   assertion letter that it had "not paid to any persons or entities any commission, bonus, or other

18   incentive payment based directly or indirectly on success in securing enrollments . . . for each year

19   at issue."  (f) UOP knows this certification is false, because UOP intentionally violates the

20   incentive compensation ban.

21       23. Additionally, to increase enrolment, UOP falsifies information such as career

22   information, services offered by the college, financial aid practices, placement and graduation

23   statistics, and therefore makes substantial misrepresentations to potential students, all in violation

24   of 16 C.F.R. § 254.

25       24. (a) UOP knowingly violates the PPA and the IPA (the State of California

26   counterpart), because UOP managers hide their methods of rewarding recruiters with financial

27   compensation through a web of lies in their policies and procedures.  (b) As a direct  result,

28   high-pressure sales methods are employed to recruit students into programs, and students are

1    misled with falsified information and promises about programs.  (c) These students who are

2    deceived into enrolling find little or no benefit upon graduating from the  programs.

3         25.  (a) Deception and lies are commonplace in the business of UOP.  (b) UOP is an

4    institution which promotes individuals who carry out unethical business practices, and provides a

5    safe haven career-wise to those who keep quiet and feign ignorance of the facts about ongoing

6    violations.  (b) The organization's motivation is purely greed, and the intention of obtaining profit.

7    (c) The paramount objectives are to increase revenue and do the bare minimum to maintain

8    accreditation credentials.  (d) Students are being misled into shouldering the risk of large amounts

9    of student loans to participate in programs that will have little to no career benefit to them upon

10   their completion.  (e) Because of the numbers and results-driven mentality in the UOP corporate

11   organization, employees are forced to fudge the numbers and deceive  everyone – from potential

12   students about its own job placement statistics, and to report false data to use as effective tools to

13   solidify the decision of the potential students who believe they will obtain desirable good paying

14   jobs to pay back the tuition loans.

15        26.  (a) UOP has created an elaborate recruiting scheme that uses pressure on its

16   recruiters who are not successfully meeting enrollment budgets or targets.  (b) UOP pressures such

17   recruiters to enroll unqualified students and to make their numbers for the sake of keeping their

18   jobs or risk losing employment.  (c) UOP creates fake or imaginary qualitative criteria in the

19   Apollo Performance Matrix, while the only criterion for recruiters that truly counts is the number

20   of students enrolled.  (d) To avoid detection by ED, the UOP organization uses a series of

21   deceptive methods to hide the fact they are paying recruiters based on the number of students

22   enrolled.  (e) High-enrolling recruiters who are rewarded and promoted would rather take the

23   money and keep quiet or ignorant to the fact of the illegal activities, while those who are not

24   making their enrollment quotas are compelled to either improve their enrollment performance or

25   be forced out of the company.

26        27.  (a) UOP, since the time the institution has been eligible to receive funds from ED,

27   has falsely certified each year that it is in compliance with regulations such as the incentive

28   compensation ban, while intentionally and knowingly violating such regulations in order to receive

*United States of America ex rel. Hoggett et al. v. University of Phoenix et al.*                    -7-

the Title IV and Higher Education Act funds.  (b) The subject fraud is blatant and systemic, and is a direct result of the institution's business plan.  (e) In early August 2010, Compliance Manager Ryan Stanley and others in management publicly ordered all enrollment counselors at the South Austin UOP campus to print, and then destroy, any files or documents on their desktop computers that related to training, and sales scripts.  Management then confiscated all of the printed documents.  Recruiters were not told to stop using these scripts, they were not to keep any evidence of them.

### First Cause of Action:

**Knowingly False Statements to Get a False or Fraudulent Claim Paid or Approved,
in Violation of the False Claims Act, 31 U.SC. § 3729(a)(1)(A)**

28.  The allegations of paragraphs 1 through 27, inclusive, are fully incorporated herein by this reference, the same as if completely set forth herein

29.  In performing the acts set out herein, Defendants, via express and implied certifications, from December 12, 2009, forward, submitted false claims to the United States of America by knowingly presenting, or causing to be presented, to one or more officers, employees or agents of the United States of America, a false and fraudulent claim for payment or approval, in contravention of the False Claims Act (31 U.S.C. § 3729(a)(1)(A), to the damage of the treasury of the United States of America, by causing the United States to pay out money it was not obligated to pay.

30.  Relators estimate that, as a proximate result of Defendants' conduct described herein, the amount of damages sustained by the United States of America, during the applicable period from December 12, 2009, forward, is in the several hundreds of millions of dollars.

### Second Cause of Action:

**Knowingly False Records or Statements to Get a False or Fraudulent Claim Paid or
Approved, in Violation of the False Claims Act, 31 U.S.C. §3729(a)(1)(B)**

31.  The allegations of paragraphs 1 through 24, inclusive, are fully incorporated herein by this reference, the same as if completely set forth herein

32.  By virtue of the acts described above, Defendants, from December 12, 2009, forward, via express and implied certifications, knowingly made, used or caused to be made or

1   used, a false record or statement to get a false or fraudulent claim paid or approved by the United

2   States of America, in contravention of the False Claims Act (31 U.S.C. § 3729(a)(1)(B), to the

3   damage of the treasury of the United States of America, by causing it to pay out money it was not

4   obligated to pay.

5          33.   Relators estimate that, as a proximate result of Defendants' conduct described herein,

6   the amount of damages sustained by the United States of America, during the applicable period

7   from December 12, 2009, forward, is in the hundreds of millions of dollars.

8   **Third Cause of Action:**

9   **Knowingly Causing A False Claim to Be Presented in Violation<br>of the California False Claims Act, Cal. Gov. C. § 12651(a)(1)**

10         34. The allegations of paragraphs 1 through 27, inclusive, are fully incorporated herein by

11  this reference, the same as if completely set forth herein.

12         35.   By virtue of the acts described above, Defendants, via express and implied

13  certifications, during the ten years immediately preceding the filing of this action, knowingly

14  made, used or caused to be made or used, a false record or statement to get a false or fraudulent

15  claim paid or approved by the State of California in contravention of the California False Claims

16  Act, Cal. Gov. C. § 12651(a)(1), to the damage of the treasury of the State of California, by

17  causing it to pay out money it was not obligated to pay.

18         36.   Relators estimate that, as a proximate result of Defendants' conduct described herein,

19  the amount of damages sustained by the State of California, during the applicable ten-year period

20  immediately preceding the filing of this action, is in the tens of millions of dollars.

21  **Fourth Cause of Action:**

22  **Submission of False Record to Obtain Payment of a False or Fraudulent Claim<br>in Violation of the California False Claims Act, Cal. Gov. C. § 12651 (a)(2)**

23

24         37. The allegations of paragraphs 1 through 27, inclusive, are fully incorporated herein by

25  this reference, the same as if completely set forth herein.

26         38.   By virtue of the acts described above, Defendants, via express and implied

27  certifications, during the ten years immediately preceding the filing of this action, knowingly

28  made, used or caused to be made or used, a false record or statement to get a false or fraudulent

1   claim paid or approved by the State of California, in contravention of the California  False Claims

2   Act, Cal. Gov. C. § 12651 (a)(2), to the damage of the treasury of the State of California, by

3   causing it to pay out money it was not obligated to pay.

4        39.   Relators estimate that, as a proximate result of Defendants' conduct described herein,

5   the amount of damages sustained by the State of California, during the applicable ten-year period

6   immediately preceding the filing of this action, is in the tens of millions of dollars.

7                                      **Prayer for Relief**

8        WHEREFORE,  Plaintiffs request the following relief:

9        1.   Judgment in favor of the United States of America against Defendants, jointly and

10  severally, by reason of the violations of the False Claims Act as set forth above, in an amount

11  equal to three times the amount of damages the United States has sustained because of Defendants'

12  actions, plus the civil penalty for each violation, as prescribed by the Federal False Claims Act,

13  and as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461

14  note; Public Law 104-410);

15       2.   Judgment in favor of the State of California against Defendants, jointly and severally,

16  by reason of the violations of the California False Claims Act as set forth above, in an amount

17  equal to three times the amount of damages the State of California has sustained because of

18  Defendants' actions, plus the civil penalty for each violation, as prescribed by the California False

19  Claims Act, pursuant to Cal. Govt. Code § 12651(a).

20       3.   Award to Relators of the maximum amount allowed pursuant to 31 U.S.C. § 3730(d)

21  of the Federal False Claims Act on the United States' recovery;

22       4.   Award to Relators of the maximum amount allowed pursuant to Cal. Govt. Code §

23  12652(g), the California False Claims Act, on the State of California's recovery;

24       5. Award to Relators of all reasonable expenses which the Court finds to have been

25  necessarily incurred, plus reasonable attorneys' fees and costs;

26       6.  Punitive damages on all causes of action, to the extent allowable by law; and

27       7.  Injunctive relief; and

28       8.  Such other and further relief as the Court deems proper.

*United States of America ex rel. Hoggett et al. v. University of Phoenix et al.*          -10-

DATED:  September 14, 2004

SHARON GREEN and DANIEL BARTLEY
ATTORNEYS FOR RELATORS

By:  _____
        Daniel Robert Bartley

## Demand for Jury Trial

Plaintiffs demand a trial by jury, pursuant to FRCP 38.

DATED:  September 14, 2010

SHARON GREEN and DANIEL BARTLEY
ATTORNEYS FOR RELATORS

By:  _____
        Daniel Robert Bartley