1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA and        No. 2:10-cv-02478-MCE-KJN
    STATE OF CALIFORNIA, ex rel.
12  DEREK HOGGETT and TAVIS GOOD,

13          Plaintiffs,

14      v.                              MEMORANDUM AND ORDER

15  UNIVERSITY OF PHOENIX and
    APOLLO GROUP, INC.,
16
            Defendants.
17

18                        ----oo0oo----

19

20      Presently before the Court is Relators Derek Hoggett and

21  Tavis Good's (together "Relators") Motion for Leave to File

22  Second Amended Complaint [ECF No. 27].  Also pending is

23  Defendants University of Phoenix and Apollo Group, Inc.'s

24  (together "Defendants") Motion to Dismiss [ECF No. 12].

25  ///

26  ///

27  ///

28  ///

                                1

1    Defendants filed their Motion to Dismiss on July 12, 2011.

2 At that time, the operative pleading was Relators' original

3 (corrected) Complaint.[1]   On August 5, without leave of court and

4 without a stipulation from Defendants, Relators filed a First

5 Amended Complaint ("FAC").   On August 15, having found that

6 Relators' FAC was not timely filed, the Court ordered it stricken

7 without prejudice to refiling upon either: 1) an order of the

8 Court issued in response to a properly noticed motion for leave

9 to amend; or 2) the stipulation of the parties.   On August 30,

10 Relators' responded by filing the present Motion for Leave to

11 File Second Amended Complaint ("SAC"), which adds twenty-two

12 paragraphs of details to the original Complaint.   Defendants

13 declined to stipulate to the filing of the SAC and oppose

14 Relators' motion to amend.

15    "The standard for granting leave to amend is generous."

16 Balistreri v. Pacifica Police Dept., 901 F.2d 696, 701 (9th Cir.

17 1990).   When a party seeks leave of the court, "[t]he court

18 should freely give leave when justice so requires."   Fed. R. Civ.

19 P. 15(a)(2).   "This policy is to be applied with extreme

20 liberality."   Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d

21 1048, 1051 (9th Cir. 2003) (quotation and citation omitted)).

22 "Five factors are taken into account to assess the propriety of a

23 motion for leave to amend: bad faith, undue delay, prejudice to

24 the opposing party, futility of amendment, and whether the

25 plaintiff has previously amended the complaint."

26

27    [1] Relators sought and obtained leave to correct their
original Complaint on the basis that two pages were incorrectly
28 included from another complaint [see ECF No. 4].

2

1  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

2  Although the Court considers each factor, "[f]utility alone can

3  justify the denial of a motion to amend."  Id.

4      In their Opposition, Defendants argue that Relators' Motion

5  for Leave to File Second Amended Complaint is untimely and that

6  any amendment would be futile.  They do not allege bad faith on

7  Relators' part and they do not contend that they will experience

8  any prejudice if Relators are permitted to amend.

9      Regarding timeliness, Defendants argue that this Court only

10 gave Relators until August 23 to file their motion to amend, and

11 that the instant motion was not filed until August 30.  This,

12 however, is incorrect.  The Court did not clearly specify a date

13 for the filing of a motion to amend.  Therefore Relators' motion

14 is not untimely.  The Court granted Relators leave to amend upon

15 the filing of a properly noticed motion, which the Relators have

16 now done.

17     Defendants also allege that any amendment would be futile.

18 They contend that Relators' proposed SAC violates the first-to-

19 file rule because Relators allege conduct that was already

20 litigated in United States ex. Rel. Hendow v. Univ. of Phoenix,

21 No. 2:03-cv-0457-GEB-DAD (E.D. Cal. 2009) and they argue that

22 Relators' supplemental allegations are implausible and are

23 contradicted by exhibits that Defendants attach to their

24 Opposition.  In other words, Defendants' Opposition attacks the

25 legal sufficiency of Relators' claims and is, in essence, a

26 supplement to Defendants' previously filed Motion to Dismiss.

27 ///

28 ///

3

1    The Court, however, finds that amendment would not be
2 futile.  "[A] proposed amendment is futile only if no set of
3 facts can be proved under the amendment to the pleadings that
4 would constitute a valid and sufficient claim or defense."
5 Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)
6 (citation omitted)).  "However, denial on this ground is rare and
7 courts generally defer consideration of challenges to the merits
8 of a proposed amended pleading until after leave to amend is
9 granted and the amended pleading is filed." Clarke v. Upton,
10 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citations omitted).
11    Although styled as a Second Amended Complaint, the Court has
12 not yet permitted Relators to amend and the Court has not yet
13 addressed the merits of Defendants' Motion to Dismiss, which is
14 directed to the legal sufficiency of Relators' original
15 (corrected) Complaint.  The additional paragraphs that Relators
16 added to their proposed SAC are presumably designed to counter
17 the arguments raised in Defendants' Motion to Dismiss.  But the
18 Court has not yet considered the legal sufficiency of Relators'
19 claims and finds it premature to do so under the guise of
20 considering Defendants' Opposition.  The Court therefore defers
21 its consideration of the merits of Relators' claims until after
22 the SAC has been filed and Defendants have had the opportunity to
23 amend their Motion to Dismiss.
24 ///
25 ///
26 ///
27 ///
28 ///

4

Because the Court concludes that none of the <u>Johnson</u> factors militate against amendment, Relators' Motion for Leave to File Second Amended Complaint is GRANTED.  Because the operative pleading is now Relators' SAC, the Court denies Defendants' Motion to Dismiss as moot, but grants leave to amend.

IT IS SO ORDERED.

Dated: October 19, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5