Jonathan C. Bunge (admitted pro hac vice)
Leonid Feller (admitted pro hac vice)
Alec Solotorovsky (admitted pro hac vice)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:  jonathan.bunge@kirkland.com

Matthew G. Jacobs (Cal. Bar No. 122066)
W. Scott Cameron (Cal. Bar No. 229828)
DLA PIPER (US)
400 Capitol Mall, Suite 2400
Sacramento, CA  95814-4428
Telephone:  (916) 930-3200
Facsimile:  (916) 930-3201
Email:  matt.jacobs@dlapiper.com

Attorneys for Defendants
UNIVERSITY OF PHOENIX
and APOLLO GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex rel. DEREK HOGGETT and TAVIS GOOD,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF PHOENIX, APOLLO GROUP, INC., and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 2:10-cv-02478-MCE-EFB<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION** |

**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. 2:10-cv-02478-MCE-EFB

WEST\241611245.1

**STIPULATION AND ORDER**

Plaintiffs/Relators Derek Hoggett and Travis Good ("Relators") and Defendants University of Phoenix and Apollo Group, Inc., by and through their respective counsel, hereby submit the following Stipulation and Proposed Protective Order Regarding Privileged, Confidential, and Highly Confidential Information pursuant to Local Rule 141.1:

The parties anticipate that documents identified in initial disclosures and responsive to subsequent discovery requests in this matter will involve, among other things, sensitive business and personnel information that is the property of University of Phoenix ("UOPX"). For example, documents responsive to Relators' first set of document requests may include proprietary corporate materials including training manuals, policy documents, compliance materials, and auditors' letters. Documents responsive to these and subsequent document requests during discovery in this matter will also likely contain protected personal financial information and education records of current and former UOPX students, and protected personal financial information and employment records of current and former UOPX employees.

The parties recognize and agree that a protective order is necessary to protect this and other confidential and highly confidential information and to provide the parties with a mechanism for avoiding a waiver of privilege or any other applicable protective evidentiary doctrine as a result of inadvertent disclosure.

Therefore, Relators and Defendants, by and through their counsel, hereby stipulate that all discovery in this action shall be governed by the following protective order:

**Protection of Privileged Information**

1. Some of the documents and information that will be produced in this action may contain attorney-client privileged communications, attorney work product, or other information protected as "privileged" under the Federal Rules of Evidence and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Privileged Information").

2. The inadvertent disclosure of any document by either party in this action which is subject to a legitimate claim that the document should have been withheld from disclosure as Privileged Information, and for which no express intention to affirmatively waive the privilege has been stated, shall NOT waive any privilege or other applicable protective doctrine for that

1

**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. 2:10-cv-02478-MCE-EFB

WEST\241611245.1

1  document or for the subject matter of the inadvertently disclosed document if the producing
2  party, upon becoming aware of the disclosure, promptly requests its return.

3      3.    Except in the event that the requesting party disputes the claim, any document
4  which the producing party produced in this action and deems to contain inadvertently disclosed
5  Privileged Information shall be, upon written request, promptly returned to the producing party
6  or destroyed at the producing party's option.  This includes all copies, electronic or otherwise,
7  of any such documents.  In the event the producing party requests destruction, the requesting
8  party shall provide written certification of compliance within 30 days of such written request.
9  In the event that the requesting party disputes the producing party's claim as to the protected
10 nature of the inadvertently disclosed information, a single set of copies may be sequestered and
11 retained by and under the control of the requesting party for the sole purpose of seeking court
12 determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

13     4.    Any such Privileged Information inadvertently disclosed by the producing party
14 to the requesting party shall be and remain the property of the producing party.

15 **Designation of Confidential Information**

16     5. Any party may designate as Confidential any document that the party produces; any
17 document that any the other party or any third party produces providing it was designated as
18 "confidential" at the time that party received it; any interrogatory responses that the party
19 serves; and individual questions and answers in a deposition, in response to discovery which the
20 party considers in good faith to contain information involving trade secrets, confidential
21 business or financial information, or any confidential or proprietary information that is subject
22 to protection under federal law or any applicable state law ("Confidential Information").  Any
23 party may designate any document or discovery response as Confidential Information pursuant
24 to this Order by stamping the relevant page with the designation "Confidential."

25     6.    Except with the prior written consent of the party originally designating a
26 document or discovery response as Confidential pursuant to Paragraph 5 above, or as
27 hereinafter provided under this Order, Confidential Information may not be disclosed to any

**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. 2:10-cv-02478-MCE-EFB
WEST\241611245.1

1  person not associated with this action, including, but not limited to, any party, law firm, or their
2  agents involved in other litigation with UOPX or Apollo Group, Inc.  Documents or information
3  designated as Confidential Information may be used solely for the purpose of this litigation.

4  **Permissible Disclosures of Confidential Information**

5        7.    Confidential Information may be disclosed to the following individuals but only
6  to the extent necessary for this litigation:

7        (a)    counsel for the respective parties to this litigation, including in-house counsel
8  and co-counsel retained for this litigation;

9        (b)    employees of such counsel;

10       (c)    Relators, UOPX, UOPX's representatives, Apollo Group, Inc., or Apollo Group,
11 Inc.'s representatives to the extent deemed necessary by counsel for the prosecution or defense
12 of this litigation;

13       (d)    consultants or expert witnesses retained for the prosecution or defense of this
14 litigation, provided that each such person shall be provided a copy of this Order, be informed of
15 its contents, and execute a copy of the certification annexed to this Order as Exhibit A before
16 being shown or given any Confidential Information;

17       (e)    any authors or recipients of the Confidential Information;

18       (f)    any person to whom the Confidential Information belongs or relates;

19       (g)    the Court, Court personnel, and Court reporters; and

20       (h)    witnesses.  Prior to showing a witness (other than a person described in ¶¶ 7(e) or
21 (f)) Confidential Information, such witness shall be provided a copy of this Order, be informed
22 of its contents, and execute a copy of the Certification attached hereto as Exhibit A.  Witnesses
23 shown Confidential Information shall not be allowed to retain copies and shall not use the
24 Confidential Information for any purpose unrelated to this litigation.

25       (i)    Prior to any person being shown Confidential Information pursuant to ¶ 7 (other
26 than a person described in ¶¶ 7(e) or (f)), that person must be provided a copy of this Order and
27 be informed of its contents.  Any person receiving Confidential Information pursuant to ¶ 7

1  shall not reveal to or discuss such information with any person not entitled to receive such
2  information except as set forth herein.

3  **Objections to Confidential Information**

4        8.     In the event the non-designating party disagrees with the designation by the
5  producing party of any Confidential Information, the objecting party must notify the designating
6  party, in writing, of its objection that the designation does not comport with the standards set
7  forth in this Order.  If the parties fail to resolve such dispute informally within 14 days of the
8  objecting parties' written notice, the objecting party may file a motion with the Court within 28
9  days of the objecting parties' written notice, or make other informal application to the Court on
10 notice to all parties, to determine the propriety of the designation.

11       9.     The information designated as Confidential that is the subject of such motion or
12 informal application shall be treated in accordance with its confidential designation pending the
13 Court's decision on the motion, and any appeals or writs from the Court's decision.  The
14 designating party bears the burden of proof that such information is in fact confidential.

15 **Confidential Information in Depositions**

16       10.    A party may designate information disclosed by the party during a deposition or
17 in response to written discovery as Confidential Information by so indicating in said responses
18 or on the record at the deposition and requesting the preparation of a separate transcript of such
19 material.  In addition, in any instance in which a third party has disclosed in discovery a
20 document or information that has previously been designated as "confidential" before it was
21 received by such third party, a party may designate such information disclosed by a third party
22 during a deposition or in response to written discovery as Confidential Information by so
23 indicating in said responses or on the record at the deposition and requesting the preparation of
24 a separate transcript of such material.  Additionally, a party may designate in writing, within 20
25 days after receipt of said responses or of the deposition transcript for which the designation is
26 proposed, that specific pages of the transcript and/or specific responses be treated as
27 Confidential Information.  All deposition transcripts shall be treated as Confidential for 20 days

4

**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND
HIGHLY CONFIDENTIAL INFORMATION**, Case No. 2:10-cv-02478-MCE-EFB

WEST\241611245.1

1  after all parties have received such deposition transcripts to allow time for the parties to make
2  their Confidential designations or, in the case of information disclosed by the other party, to
3  move the Court for a Confidential designation.  Any other party may object to such proposal, in
4  writing or on the record.  Upon such objection, the parties shall follow the procedures described
5  in ¶¶ 8-9 above.  After any designation made according to the procedure set forth in this
6  paragraph, the designated information shall be treated according to the designation until the
7  matter is resolved according to the procedures described in ¶¶ 8-9 above, and counsel for all
8  parties shall be responsible for marking all previously unmarked copies of the designated
9  material in their possession or control with the specified designation.

10       11.     Any witness or other person, firm, or entity from which discovery is sought in
11  this action may be informed of and may obtain the same protection outlined in ¶ 10 by written
12  advice to the parties' respective counsel or by oral advice at the time of any deposition or similar
13  proceeding.

14  **Confidential Information at ~~Trial or~~ Court Hearing[1]**

15       12.     Subject to the Federal Rules of Evidence, Confidential Information, including
16  that contained in the report of an expert or consultant, may be offered in evidence at ~~trial or~~ any
17  court hearing provided that the proponent of the evidence gives counsel for the designating
18  party sufficient advance notice to allow that party to move the Court, prior to the evidence being
19  offered in evidence, for an order that the evidence be received *in camera*, be redacted, or be
20  received under other conditions to prevent unnecessary disclosure.  Any party may make a
21  similar motion.  The Court will then determine whether the proffered evidence should continue
22  to be treated as Confidential and, if so, what protection, if any, may be afforded to such
23  evidence at the ~~trial or~~ court hearing.  With respect to impeachment or rebuttal evidence, the
24  party intending to introduce the evidence need not disclose the substance of the Confidential
25  Information it is intending to introduce.  Rather, the offering party need only raise the general

---

[1] Although the parties' stipulation and proposed order sought to address the treatment of confidential information at trial, if the parties desire a trial protective order, they shall follow the procedures set forth in Local Rule 141.1(b)(2).

type of Confidential Information at issue so the parties and the Court can determine the appropriate protection to afford the Confidential Information at the ~~trial or~~ court hearing.

**Highly Confidential Information**

13. Certain documents responsive to Relators' document requests to UOPX may include personnel information about UOPX employees that is subject to legal restrictions on its disclosure. Due to the private and highly confidential nature of these materials, a Court Order requiring that the documents or information be produced under a "Highly Confidential" designation is appropriate. *See, e.g., Knoll v. American Telephone & Telegraph*, 176 F.3d 359, 365 (6th Cir. 1999) (granting protective order "as a means of protecting the privacy interests of nonparties while yet serving the needs of litigation . . . . ").

14. Any party may designate as Highly Confidential personnel files that have or shall be requested in this litigation, as well as any document or response to discovery which that party considers in good faith to contain Highly Confidential information because it identifies, among other things, the social security numbers, residences, personal telephone numbers, or salary and compensation histories of current or former employees of UOPX or Apollo Group, Inc. or its subsidiaries. However, such documents from which it is known that an individual's name, social security number, and other particular identifying information have been completely redacted may not be designated as Highly Confidential. Further, this type of information shall not be subject to this protective order if it is known that the employee has given his or her written consent or testimony to the information not being designated Confidential or Highly Confidential pursuant to this protective order.

15. The parties may designate documents or information Highly Confidential, within the limits prescribed by the above Paragraph 14, by stamping the relevant page with the designation "Highly Confidential."

**Permissible Disclosures of Highly Confidential Information**

16. Except with the prior written consent of the party originally designating a document or discovery response as Highly Confidential, or as hereinafter provided under this

6

**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. 2:10-cv-02478-MCE-EFB

WEST\241611245.1

1  Order, Highly Confidential Information may not be disclosed to any person not associated with
2  this action, including, but not limited to, any party, law firm, or their agents involved in other
3  litigation with UOPX or Apollo Group, Inc.  Documents or information designated as Highly
4  Confidential Information may be used solely for purposes of this litigation.

5      17.    Information or documents designated Highly Confidential may be disclosed to
6  the following individuals but only to the extent necessary for this litigation:

7      (a)    counsel for the respective parties to this litigation, including in-house counsel
8  and co-counsel retained for this litigation;

9      (b)    employees of such counsel;

10      (c)    Relators, provided that they are provided a copy of this Order, are informed of its
11  contents, and execute a copy of the certification annexed to this Order as Exhibit A before being
12  shown or given any Highly Confidential Information, and disclosure is deemed necessary by
13  counsel for the prosecution of this action;

14      (d)    UOPX, UOPX's representatives, Apollo Group, Inc., or Apollo Group, Inc.'s
15  representatives to the extent deemed necessary by counsel for the defense of this litigation;

16      (e)    consultants or expert witnesses retained for the prosecution or defense of this
17  litigation, provided that each such person shall be provided a copy of this Order, be informed of
18  its contents, and execute a copy of the certification annexed to this Order as Exhibit A before
19  being shown or given any Highly Confidential Information.  Additionally, although material
20  designated Highly Confidential may be reviewed by the parties' consultants or experts without
21  redaction, any report rendered by such expert or consultant that is utilized in the course of any
22  deposition in this action shall redact the information set forth in ¶ 17(i) below;

23      (f)    any authors or recipients of the Highly Confidential Information;

24      (g)    any person to whom the Highly Confidential Information belongs or relates;

25      (h)    the Court, Court personnel, and Court reporters; and

26      (i)    any witness (other than a person described in ¶¶ 17(f) or (g)) provided that prior
27  to showing such witness Highly Confidential Information, such witness shall be provided a

7

**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND
HIGHLY CONFIDENTIAL INFORMATION**, Case No. 2:10-cv-02478-MCE-EFB

WEST\241611245.1

copy of this Order, be informed of its contents, and execute a copy of the Certification attached hereto as Exhibit A.  Witnesses shown Highly Confidential Information shall not be allowed to retain copies and shall not use the Highly Confidential Information for any purpose unrelated to this litigation.  Additionally, material designated Highly Confidential shall not be disclosed to witnesses (other than those identified in ¶¶ 17(f) or (g)) without first redacting information that may allow the witness to identify the individual whose personal and highly sensitive information is being viewed.  This is necessary in order to protect the privacy interests of those employees whose information is found in the Highly Confidential Information.  Otherwise, these witnesses would inappropriately be able to identify the individual whose highly personal information (including salary and employment reviews) was being viewed.  Courts consistently and regularly limit the disclosure of such private and very personal information. *See, e.g.*, *Knoll v. AT&T*, 176 F.3d 359 (6th Cir. 1999) (affirming court's decision to limit access to personnel files of non-party employees of defendant solely to plaintiff's counsel because "personnel files might contain highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to plaintiff's claims").  Accordingly, material designated Highly Confidential shall not be disclosed to any witness (other than those identified in ¶¶ 17(f) or (g)) without first redacting the following information:

    1. name;
    2. social security number;
    3. home addresses and telephone numbers;
    4. names, addresses, telephone numbers and other identifying information for next of kin;
    5. beneficiary information;
    6. marital status;
    7. bank account information;

8. emergency contact information;

9. names, addresses, telephone numbers and other identifying information for any references;

10. names, addresses, telephone numbers and other identifying information for any friends or relatives;

11. criminal records;

12. military records; and

13. any additional information, other than salary or compensation information, that may reasonably be construed as allowing the witness or deponent to identify to whom the Highly Confidential Information relates.  This category includes, but is not limited to, information such as email addresses, driver's license numbers, prior work history, etc.

(j) Prior to any person being shown Highly Confidential Information pursuant to ¶17 (other than a person described in ¶¶ 17(f) or (g)), that person must be provided a copy of this Order and be informed of its contents.  Any person receiving Highly Confidential Information pursuant to ¶ 20 shall not reveal or discuss such information to or with any person not entitled to receive such information except as set forth herein.

**Highly Confidential Information in Depositions**

18. Subject to the provisions above, material designated Highly Confidential may not be disclosed during deposition without first redacting the information described in ¶ 17(i) above.  During the course of deposition, to the extent redacted documents are required to be used, the party that utilizes the redacted documents during any questioning at deposition shall, immediately prior to the use of any such document, provide the opposing party with both a redacted and un-redacted version of the document.  Subject to the provisions above, an unredacted document containing Highly Confidential Information may be disclosed during deposition only by agreement of the parties or by order of the Court.  One or both of the parties may provide another proposal to the Court at a later time to modify this Order should this provision be deemed unworkable.

9

**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. 2:10-cv-02478-MCE-EFB

WEST\241611245.1

**Highly Confidential Information at ~~Trial or~~ Court Hearing[2]**

19. Subject to the Federal Rules of Evidence, Highly Confidential Information, including that contained in the report of an expert or consultant, may be offered in evidence at ~~trial or~~ any court hearing provided that the proponent of the evidence gives counsel for the designating party sufficient advance notice to allow that party to move the Court, prior to the evidence being offered in evidence, for an order that the evidence be received *in camera*, be redacted, or be received under other conditions to prevent unnecessary disclosure. Any party may make a similar motion. The Court will then determine whether the proffered evidence should continue to be treated as Highly Confidential and, if so, what protection, if any, may be afforded to such evidence at the ~~trial or~~ court hearing. With respect to impeachment or rebuttal evidence, the party intending to introduce the evidence need not disclose the substance of the Highly Confidential Information it is intending to introduce. Rather, the offering party need only raise the general type of Highly Confidential Information at issue so the parties and the Court can determine the appropriate protection to afford the Highly Confidential Information at the ~~trial or~~ court hearing.

**Objections to Highly Confidential Information**

20. The procedures relating to challenging a designation of Highly Confidential and designating deposition testimony as Highly Confidential shall be the same as those set forth in ¶¶ 8-11 of this Order.

**Protected Student Information**

21. Some of the documents requested in this litigation may contain personal and private student information protected by the Family Educational Rights and Privacy Act of 1974 ("FERPA"). Pursuant to FERPA, production of such documents in unredacted form may require that notice be given to each and every individual student prior to production. To avoid such delay, the producing party shall redact personal identifying information on any student records prior to producing the requested documents in order to safeguard the privacy of the student information. If it becomes necessary for the parties to produce unredacted versions of these documents, the parties shall meet and confer to determine how best to resolve the matter. Notwithstanding the above, personal and private student information pertaining to a particular student shall not be subject to this protective order if the student has given his or her express

---

[2] See footnote 1.

10

**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. 2:10-cv-02478-MCE-EFB

WEST\241611245.1

consent, via a writing or via testimony, to the information not being designated Confidential or Highly Confidential pursuant to this protective order.

**Inadvertent Disclosure of Confidential or Highly Confidential Information**

22.     In the event that a party inadvertently discloses Confidential or Highly Confidential Information without the proper designation, that party may request confidential treatment of such information or documents by submitting written notice to opposing counsel within 10 days of discovery of the inadvertent disclosure.  Upon receipt of such notice, counsel shall be responsible for marking all previously unmarked copies of the designated material in their possession or control or in the possession or control of any persons identified in ¶¶ 7 or 17 to whom they have disclosed such copies.

**Subpoena by Other Courts or Agencies of Confidential or Highly Confidential Information**

23.     If at any time any Confidential or Highly Confidential Information governed by this Order is subpoenaed by a Court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall immediately give written notice thereof to any person which has designated Confidential or Highly Confidential Information.  After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of Confidential or Highly Confidential Information.  Unless a court orders otherwise, the person to whom the subpoena is directed shall not produce any Confidential or Highly Confidential Information until the person seeking to maintain confidentiality has had an opportunity to seek an appropriate order.  If the person seeking to maintain confidentiality does not move for a protective order within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is

11

**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. 2:10-cv-02478-MCE-EFB

WEST\241611245.1

1  directed may commence production in response thereto.  The person to whom the subpoena is
2  directed shall not produce any Confidential or Highly Confidential Information while a motion
3  for a protective order brought pursuant to this paragraph is pending, or while any appeal from or
4  request for appellate review of such motion is pending, unless ordered by a court to do so.

**Filing of Confidential or Highly Confidential Information**

6      24.    No documents shall be filed under seal or with redactions beyond those provided
7  by the Local Rules without prior approval by the Court.  Where such approval is required, the
8  parties shall follow the Local Rules or any other applicable procedure.

9      25.    The parties shall, at an appropriate time, meet and confer regarding whether it is
10 necessary for documents containing certain general categories of Confidential or Highly
11 Confidential Information to be filed under seal or to be filed with redactions beyond those
12 provided for in the Local Rules.  If the parties agree that it is not necessary, no request for such
13 relief shall be made.  If the parties agree that it is necessary, they shall seek such relief from the
14 Court.  If the parties disagree as to whether it is necessary, the party arguing that such is
15 necessary shall seek relief from the Court.  The parties shall meet and confer pursuant to this
16 paragraph whenever they deem appropriate.  If the parties have not met and conferred pursuant
17 to this paragraph regarding a particular general category of Confidential or Highly Confidential
18 Information, they shall, at the least, provide the opposing party at least 72 hours notice of their
19 intent to file documents containing such information, in order to provide the opposing party an
20 opportunity to seek any necessary relief.

**Non-Termination**

22     26.    All provisions of this Order restricting the communications or use of
23 Confidential or Highly Confidential Information shall continue to be binding after the
24 conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation,
25 a party in the possession of Confidential or Highly Confidential Information, other than that
26 which is contained in unsealed pleadings, correspondence and deposition transcripts, shall either
27 (a) return such Confidential or Highly Confidential Information no later than 30 days after

1  conclusion of this action to counsel for the party who provided such Confidential or Highly
2  Confidential Information, or (b) destroy such Confidential or Highly Confidential Information
3  within 30 days upon consent of the party who provided the Confidential or Highly Confidential
4  Information and certify in writing within 30 days that the Confidential or Highly Confidential
5  Information has been destroyed.

6  **Modification Permitted**

7       27.     Nothing in this Order shall prevent any party from seeking modification of the
8  terms of this Order or from objecting to discovery that it believes to be otherwise improper.

9  **Responsibility of Attorneys**

10      28.     The counsel for the parties are responsible for employing reasonable measures,
11 consistent with this Order, to control duplication of, access to and distribution of copies of
12 Confidential or Highly Confidential Information.

13      29.     Nothing contained in this Order and no action taken pursuant to it shall prejudice
14 the right of any party to contest the alleged relevancy, admissibility or discoverability of any
15 Confidential or Highly Confidential Information.

16 **Information in the Public Domain**

17      30.     Other than private documents and private information pertaining to employees
18 and students, as addressed above, documents and information that is posted on the Internet, filed
19 with the SEC, ED, or other government agencies in filings that are accessible by the public,
20 including, but not limited to, via FOIA, the California Public Records Act, and similar state
21 laws, or that otherwise are in the public domain, through no fault of the party opposing
22 application of this protective order to evidence in the public domain, shall not be considered
23 subject to this protective order.  If one party has concern whether a document or information
24 was in the public domain through no fault of the other party, then the parties shall meet and
25 confer in a good faith effort to provide details about the public source. Only if that meet-and-
26 confer effort fails shall the aggrieved party file an appropriate motion with the Court to have the
27 information deemed subject to this Protective Order.

| | | |
|---|---|---|
| 1 | Dated: July 16, 2013 | SHARON GREEN and DANIEL ROBERT BARTLEY |
| 2 | | |
| 3 | | By   /s/ Daniel R. Bartley |
| 4 | | DANIEL ROBERT BARTLEY<br>Attorneys for Relators<br>DEREK HOGGETT and TRAVIS GOOD |
| 5 | | |
| 6 | Dated: July 16, 2013 | DLA PIPER LLP (US) |
| 7 | | |
| 8 | | By   /s/ Matthew G. Jacobs<br>MATTHEW G. JACOBS<br>Attorneys for Defendants |
| 9 | | UNIVERSITY OF PHOENIX<br>and APOLLO GROUP, INC. |

IT IS SO ORDERED.

DATED: July 23, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

I, _____ , state under penalty of perjury that I have read the Protective Order Regarding Privileged, Confidential, and Highly Confidential Information dated _____, 2013 ("Protective Order"), in connection with *United States of America and State of California, ex rel. Derek Hoggett and Tavis Good v. University of Phoenix, Apollo Group, Inc., and Does 1 through 100, Inclusive*, Case No. 2:10-cv-02478-MCE-EFB, and that I understand that Confidential and/or Highly Confidential Information is being provided to me pursuant to the terms of that Protective Order. I agree to be bound by that Protective Order and (a) to submit myself to the jurisdiction of the U.S. District Court, Eastern District of California, or (b) if I am not a resident of the portion of California covered by that Court, to submit myself to the jurisdiction of the U.S. District Court covering the place where I reside, for the enforcement of the Protective Order.

DATED: _____

                                                              SIGNATURE

**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. 2:10-cv-02478-MCE-EFB

WEST\241611245.1