UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex rel. DEREK HOGGETT and TAVIS GOOD,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF PHOENIX, APOLLO GROUP, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:10-cv-02478-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

On July 24, 2014, this Court issued its Memorandum and Order (ECF No. 103) dismissing the instant qui tam lawsuit on grounds that Relator Plaintiffs Derek Hoggett and Tavis Good ("Relators") were not "original sources" for their allegations that Defendants the Apollo Group, Inc. and its subsidiary, the University of Phoenix ("Defendants" or "University of Phoenix") were engaged in unlawful compensation practices. The Court consequently ruled that Relators were jurisdictionally barred from maintaining this action under the auspices of the False Claims Act, 31 U.S.C. § 3729 et seq. ("FCA"), and its state law counterpart, California Government Code § 12650p, et seq. ("CFCA"). Judgment was thereafter entered in Defendants' favor that same day.

1

ECF No. 104.  Relators have timely filed, on August 21, 2014, a motion seeking reconsideration of the above rulings, pursuant to Federal Rule of Civil Procedure 59(e).[1]  ECF No. 106.  Relators ask the Court to stay its Memorandum and Order and subsequent Judgment on grounds that a Ninth Circuit opinion "is due any time" that may bear on "one or more pivotal issues decided by the Court" in this case.  Relators' Mot., 1:25-28.  Defendants oppose the motion, arguing that the scope of reconsideration under Rule 59(e) does not include a stay of dismissal pending the outcome of another case.  Alternatively, Defendants contend that the case identified by Plaintiff as potentially dispositive is distinguishable from the present matter in any event.  See Opp'n, ECF No. 108.  Relators filed no reply papers in response to that opposition.  As set forth below, Relators' Motion is DENIED.[2]

**STANDARD**

A motion for reconsideration is properly brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).  A motion for reconsideration is treated as a Rule 59(e) motion if, like Relators' motion presently before the Court, it is filed within twenty-eight days of entry of judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  A motion may be construed as a Rule 59 motion even though it is not labeled as such, or not labeled at all.  Taylor, 871 F.2d at 805.

A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  This principle is embodied in the law of the case doctrine, under which "a court

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument was not deemed to be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local R. 230(g).

is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)).  Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)).  Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e).  Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j)(3) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court.  Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

In order to succeed, a party making a motion for reconsideration pursuant to Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on

3

other grounds, 828 F.2d 514 (9th Cir. 1987)).  A motion for reconsideration should not be used to raise arguments or present evidence for the first time when the arguments or evidence could reasonably have been raised earlier in the litigation.  389 Orange St. Partners, 179 F.3d at 665.

Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also Taylor, 871 F.2d at 805.  This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency."  Costello, 765 F. Supp at 1009 (internal citations omitted).  Rule 59(e) motions for reconsideration are therefore not intended to "give an unhappy litigant one additional chance to sway the judge."  Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

## ANALYSIS

As indicated above, Relators' reconsideration request is expressly predicated on speculation that another case currently pending before the Ninth Circuit will point towards a different result than that reached by this Court in dismissing this matter.  According to Defendants, the case identified by Relators in that regard, United States ex rel. Lee v. Corinthian Colleges, No. 13-55700 (9th Cir.) (hereinafter "Corinthian Colleges") has not yet even been set for oral argument.  Consequently, at the outset, this Court questions whether a panel decision on the matter is indeed "imminent" as Relators claim.  Mot., 3:1-6.

In addition, aside from the timing of a decision that might or might not impact this Court's prior determination, there is also case law that a motion for reconsideration under Rule 50(e) should not be used in any event to stay a judgment pending the

4

outcome of another case.  <u>See</u>, e.g., <u>Anderson v. Anderson</u>, 2013 WL 5433998 at *1-2 (E.D. Wis. 2013 (holding that plaintiff's Rule 59(e) motion to stay proceedings pending the outcome of related state court decision did not state "a basis for relief" under Rule 59(e)).

Although the <u>Anderson</u> case is an out-of-circuit decision not binding here, the Court nonetheless finds its conclusion in this regard persuasive.  Here, that conclusion is underscored by several important factors.  First, as already enumerated above, relief under Rule 59(e) is considered "extraordinary" and thus reserved only for highly unusual circumstances where a district court is presented with newly discovered evidence, has committed clear error, or where an intervening change has occurred in the controlling law.  <u>389 Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999) (citing <u>School Dist. No. 1J v. AcandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993)).  In addition, Local Rule 230(j)(3) reiterates that a party seeking reconsideration must  show "new or different facts or circumstances. . . which did not exist or were not shown upon [the]  prior motion, or what other grounds exist for the motion."

Obviously, a pending case that has not yet been decided and whose outcome is anyone's guess cannot represent any "intervening change in the controlling law."  Nor can this Court have committed clear error in not relying on contentions whose validity have not yet been decided.  Finally, as Defendants point out, the argument advanced with regard to <u>Corinthian Colleges</u> is not "new" in any event.  The underlying district court decision at issue in the pending <u>Corinthian Colleges</u> appeal was made in March of 2013 and the instant appeal was filed the following month.  Defendants in the present matter cited the district court's <u>Corinthian Colleges</u> decision in both their Motion to Dismiss (ECF No. 80-1 at 4, 27, 32), filed in November 2013, and in their reply brief (ECF No. 86 at 9), filed in January 2014.  Relators have consequently been on notice of the <u>Corinthian College</u> litigation for months.  Additionally, the amicus brief filed by the United States in advocating reversal of the district court's <u>Corinthian Colleges</u> decision, and relied upon by Relators in requesting a stay herein, was filed in November of 2013, well

1  before this Court issued the judgment for which reconsideration is sought on July 24,
2  2014. Consequently, there is no reason why the same argument could not have been
3  advanced prior to that judgment   As Defendants point out, Rule 59(e) should not give
4  Relators an opportunity to relitigate their case on grounds that could have been raised
5  earlier, but were not.  See, e.g., Kona Enterprises., Inc. v. Estate of Bishop, 229 F.3d
6  877, 890 (9th Cir. 2000) (upholding denial of Rule 59(e) motion and stating that "[a] Rule
7  59(e) motion may not be used to raise arguments or present evidence for the first time
8  when they could reasonably have been raised earlier in the litigation").
9         Finally, even were the Court inclined to entertain the forthcoming Corinthian
10 Colleges opinion as a basis for reconsideration (which it is not for the reasons stated
11 above), the case is distinguishable on its facts from the present matter in any event, and
12 therefore cannot provide the compelling justification for the "extraordinary" relief that a
13 successful motion under Rule 59(e) would represent.
14         In Corinthian Colleges, the question was whether the existence of qui tam actions
15 against unrelated actors in the large, for-profit career school industry was sufficient to
16 foreclose all future actions raising similar fraud allegations against unrelated members of
17 that industry.  The prior qui tam actions, according to the government's amicus brief
18 (Ex  A to Relators' Mot.), involved only 11 schools out of an industry of more than 2,000
19 for profit schools certified to participate in Higher Education Act funding. Id. at 18.  The
20 disclosures made in the unrelated lawsuits did not specifically identify either Corinthian
21 Colleges or its allegedly fraudulent acts, and by not recounting any details about
22 Corinthian Colleges' alleged conduct those disclosures did not, according to the
23 government, "place in the public domain any of the critical elements of the transactions
24 underlying the relators' complaint." Id. at 21.  Here, on the other hand, this Court
25 observed in its previous Order that information from both the news media and from the
26 congressional record did specifically name the University of Phoenix.  United States
27 ex rel. Hoggett v. Univ. of Phoenix, 2014 WL 3689764 at *7 (E.D. Cal. July 24, 2014).
28 The court based its conclusion that qualifying public disclosures had occurred on

grounds that information from such sources fell squarely within the purview of both the pre- and post-2010 versions of the statute.  Id. at *6.  Given these factual distinctions, the Court does not believe that any forthcoming decision in Corinthian Colleges is likely to significantly change the landscape of the present case.

## CONCLUSION

For all the above reasons, Relators have failed to satisfy the high bar set by applicable case law to justify the extraordinary relief represented by Rule 59(e).  Relators' Motion for Reconsideration (ECF No. 106), requesting that this court stay its judgment in this matter pending the Ninth Circuit's expected decision in Corinthian Colleges,  is therefore DENIED.

IT IS SO ORDERED.

Dated:  November 18, 2014

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT